UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEAN NOLAN,

      v.                                    **DECISION AND ORDER**
                                                15-CV-99S

POST ACUTE PARTNERS MANAGEMENT, LLC,
1818 COMO PARK BOULEVARD OPERATING CO., LLC,
and ELDERWOOD ADMINISTRATIVE SERVICES LLC,

                            Defendants.

Presently before this Court is Post Acute Partners's motion to strike Plaintiff's Second Amended Complaint and Plaintiff's cross-motion for leave to amend her complaint. (Docket Nos. 67, 68.) For the reasons explained below, Post Acute Partners's motion is denied, and Plaintiff's motion is granted.

On February 3, 2015, Plaintiff filed a *qui tam* action against Elderwood Health Care at Linwood, Elderwood Senior Care, Inc., Post Acute Partners, and Does 1-100. (Docket No. 1.) Plaintiff thereafter filed a First Amended Complaint on October 7, 2016, naming as defendants Post Acute Partners, Elderwood Senior Care, Inc., and Does 1-100. (Docket No. 16.)

On July 29, 2022, the United States and the State of New York filed a Notice of Intervention in part and Declination in part for purposes of effectuating partial settlement. (Docket No. 59.) The partial settlement, and the subsequent joint stipulation of dismissal (Docket No. 62), however, do not involve any of the entities named in the First Amendment Complaint; they name and involve entities that up to that point had never been sued in this action.

1

The only defendant to have appeared in this action is Post Acute Partners. On December 22, 2022, Plaintiff and Post Acute Partners stipulated to limited amendment of the First Amended Complaint to include only the removal of claims brought on behalf of the United States or the State of New York and the addition of details concerning Plaintiff's claim for retaliation under 31 U.S.C. § 3730 (h) against Post Acute Partners. (Docket Nos. 63, 64.)

On January 18, 2023, Plaintiff filed a Second Amended Complaint. (Docket No. 66.) This pleading replaces all of the previously named defendants with new ones. Of note, Post Acute Partners is no longer named as a defendant. The Second Amended Complaint names Post-Acute Partners Management, LLC, 1818 Como Park Boulevard Operating Co., LLC, and Elderwood Administrative Services, LLC, as defendants.

On February 17, 2023, Post Acute Partners—no longer a named defendant—moved to strike the Second Amended Complaint as violative of the terms of the stipulation because it adds and removes parties and adds allegations that do not pertain solely to Plaintiff's retaliation claims against Post Acute Partners. (Docket No. 67.) In response, Plaintiff requested leave to amend to allow her Second Amended Complaint to stand. (Docket No. 71.)

Having reviewed the terms of the parties' approved stipulation, this Court agrees with Post Acute Partners that Plaintiff's Second Amended Complaint exceeds the parties' agreement. It is therefore subject to being stricken. But Plaintiff cross-moves for leave to amend her complaint under Rule 15, relief which must be granted when justice so requires. See Fed. R. Civ. P. 15 (a)(2); see also Foman v. Davis, 371 U.S. 178, 182, 83

2

S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003).

Plaintiff maintains that leave to amend is warranted to name the correct corporate entities, which she represents were identified during the course of the settlement proceedings. According to Plaintiff, the three defendants named in the Second Amended Complaint are the real parties in interest and affiliates of what she characterizes as "the originally named Post Acute Partners." (Memorandum of Law, Docket No. 68-3, p. 2.)

Given the difficulties of navigating what appears to be a complicated corporate structure without discovery, it strikes this Court as most efficient to permit the proposed amendments, relief that exists independent of the stipulation. Post Acute Partners raises no deficiencies in the proposed amendments as it relates to itself, nor does it identify any prejudice from amendment. Moreover, it appears to lack standing to assert the futility and relation-back arguments it raises on behalf of the newly-named entities. Finally, this case remains in its infant stage, despite its age, and there is no assertion or evidence of bad faith. Consequently, this Court finds that the best interests of justice and judicial economy are best served by denying the motion to strike and granting leave to amend.

IT HEREBY IS ORDERED, that the Motion to Strike (Docket No. 67) is DENIED.

FURTHER, that the Request for Leave to Amend (Docket No. 68) is GRANTED.

FURTHER, that the Second Amended Complaint (Docket No. 66) now stands as the operative pleading.

SO ORDERED.

Dated: May 23, 2023
       Buffalo, New York

                                                                            <u>s/William M. Skretny</u>
                                                                            WILLIAM M. SKRETNY
                                                                   United States District Judge