UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEAN NOLAN,

Plaintiff-Relator,

-vs-

POST ACUTE PARTNERS MANAGEMENT, LLC; 1818 COMO PARK BOULEVARD OPERATING CO., LLC; AND ELDERWOOD ADMINISTRATIVE SERVICES, LLC,

Defendants.

15-CV-00099-MAV-MJR

DECISION & ORDER

## INTRODUCTION

This matter is presently before the Court on the objections of Relator[1] Jean Nolan and the partial objection of Defendants 1818 Como Park Boulevard Operating Co., LLC ("1818 Como Park") and Elderwood Administrative Services, LLC ("EAS"), to the Report and Recommendation of United States Magistrate Judge Michael J. Roemer that Relator is owed attorneys' fees and expenses from 1818 Como Park and EAS only, and that Relator may recover $63,611.04 in fees and expenses. ECF No. 113. For the reasons that follow, Relator's objections are SUSTAINED IN PART and the partial objection of 1818 Como Park and EAS is OVERRULED.

## BACKGROUND

Elderwood facilities across New York provide "post-acute health care services, including skilled nursing and inpatient rehabilitation." ECF No. 59 at 6-7; *see* ECF

[1] The Court refers to Nolan as Relator rather than Plaintiff in recognition of the nature of this qui tam action.

No. 1 at 5. Relator is a licensed practical nurse who began working at an Elderwood facility in Lancaster (located at 1818 Como Park) in 2013. *See* ECF Nos. 1 at 3–5, 10; 59 at 7. She alleged that she witnessed unlawful and fraudulent practices designed to maximize payments from Medicare, Medicaid, and TRICARE. *See* ECF No. 1 at 3, 10–11. She initiated this case by filing a complaint in February 2015, which alleged two violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a), two violations of the New York False Claims Act, N.Y. Fin. Law §§ 187, *et seq.*, and one count of retaliation, and named as defendants Elderwood Health Care at Linwood, Elderwood Senior Care, Post Acute Partners, and Does 1–100. ECF No. 1. Relator filed an amended complaint in October 2016, which named Post Acute Partners, Elderwood Senior Care, Inc., and Does 1–100 as defendants. ECF No. 16.

The United States and the State of New York filed a Notice of Intervention in part and Declination in part on July 29, 2022 for purposes of effectuating a partial settlement. ECF No. 59. The United States, New York, and Relator entered into a Settlement Agreement on July 19, 2022 with ten "defendants." ECF No. 59. None of the defendants named in the Settlement Agreement had been named in the complaint or amended complaint, *see* ECF Nos. 1, 16, 59, and the docket does not indicate that they were ever served. As part of the Settlement Agreement, Relator released liability against the ten defendants named in the Settlement Agreement. ECF No. 59 at 13 ¶ 10.

The government and Relator's counsel entered into a stipulation on August 22, 2022 which dismissed the claims against the defendants named in the Settlement

Agreement and stated that the Court "retain[ed] jurisdiction over Relator's claims against Defendants for retaliation . . . and for attorney's fees[,] costs, and expenses, pursuant to 31 U.S.C. § 3730(d); Relator's claim to a share of the proceeds of the Settlement Agreement, pursuant to 31 U.S.C. § 3730(d); and to enforce the Settlement Agreement." ECF No. 62 at 2.

Relator sought leave to file a second amended complaint (ECF No. 68), which the Honorable William M. Skretny granted on May 23, 2023 (ECF No. 75). Relator's second amended complaint was limited to retaliation claims under 31 U.S.C. § 3730(h) and N.Y. Fin. L. § 191, and named three defendants: Post Acute Partners, 1818 Como Park, and EAS. ECF No. 66. Of the three, only 1818 Como and EAS were signatories to the Settlement Agreement. *See* ECF No. 59. Relator served a summons and the second amended complaint on the three new defendants on June 30, 2023. ECF Nos. 80–82. Upon a motion to dismiss the second amended complaint (ECF No. 86), Judge Skrenty dismissed Post Acute Partners. ECF No. 95.

Relator filed a motion for attorneys' fees on April 7, 2023 (ECF No. 71), which Post Acute Partners opposed (ECF No. 73; *see also* ECF No. 74 [Relator's reply]). Judge Skrenty issued an order on July 15, 2025 providing additional response time to the motion for attorney fees, given that 1818 Como and EAS had been subsequently brought into the case through the second amended complaint. ECF No. 96. 1818 Como and EAS opposed the motion for attorney fees on September 15, 2025 (ECF No. 102) and Relator replied on October 15, 2025. ECF No. 107.

This case was transferred from Judge Skrenty to the undersigned for all

further proceedings on December 18, 2025. ECF No. 111. The Court referred the motion for attorneys' fees to Judge Roemer on July 13, 2026. ECF No. 112.

Judge Roemer issued a Report and Recommendation on July 21, 2026, which concluded that "(1) Nolan's motion is timely; (2) Nolan may not recover fees from non-parties to this lawsuit; (3) of the current Defendants, Nolan may recover fees only from 1818 Como Park and EAS; and (4) the appropriate award against 1818 Como Park and EAS is $63,611.04 as reasonable attorneys' fees, expenses and costs." ECF No. 113 at 7.

Relator filed timely written objections to the Report and Recommendation, limited to the recommendations regarding "not award[ing] attorney's fees as to the Elderwood Entities not named as defendants and . . . apportioning the attorney's fees and costs between the entire Elderwood Entities group, but only awarding Relator her attorney's fees and expenses as to 1818 Como Park and EAS." ECF No. 114 at 4. 1818 Como Park and EAS filed a timely response to Relator's objections. ECF No. 117.

1818 Como Park and EAS filed a timely written partial objection to the Report and Recommendation, limited to the recommendation that Relator could recover attorneys' fees and expenses from 1818 Como Park and EAS despite them having not been named in the original qui tam complaint. ECF No. 115. Relator filed a timely response to the partial objection of 1818 Como Park and EAS. ECF No. 116.

The objections are now before the Court.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), if a party files written objections to a magistrate judge's recommendations, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See also* Fed. R. Civ. P. 72(b)(3).

The parties contend that the applicable standard of review is whether the Report and Recommendation "is clearly erroneous or is contrary to law" under Federal Rule of Civil Procedure 72(a), which governs non-dispositive matters. ECF Nos. 114 at 8; 117 at 7. The Court disagrees. Under the procedure outlined in Rule 72(a), the magistrate does not provide a recommendation, and instead "issue[s] a written order stating the decision," which the parties may then object to, and which the Court may reconsider if the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Here, the Court expressly referred the motion to Judge Roemer "for a Report and Recommendation" (ECF No. 112), and Judge Roemer issued a Report and Recommendation rather than an order. ECF No. 113. Rule 54(d)(2)(D) allows Courts to "refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." As such, the standard of review from Rule 72(b), and not 72(a), applies.

For these reasons, the Court reviews Judge Roemer's Report and

Recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see, e.g.*, *Juarez v. 156-40 Grill LLC*, No. 15-CV-5081, 2024 WL 4834313, at *2 (E.D.N.Y. Nov. 20, 2024) (treating a magistrate's order on a motion for attorneys' fees as a dispositive report and recommendation and reviewing it *de novo*).

**DISCUSSION**

No party objected to the portion of the Report and Recommendation that found that Relator's motion for attorneys' fees and expenses was timely filed (ECF No. 113 at 7–11); that the lodestar should be reduced by 30% (ECF No. 113 at 20–26); or that the requested fee amount should not be reduced further based on the degree of success (ECF No. 113 at 26–28). Accordingly, this Court adopts those portions of the Report and Recommendation.

Regarding the disputed portions of the Report and Recommendation, as discussed more fully below, the Court agrees with Judge Roemer that it lacks personal jurisdiction over the non-party settling entities and that 1818 Como Park and EAS owe attorneys' fees and expenses to Relator. The Court disagrees with Judge Roemer that the award of attorneys' fees and expenses should be reduced to 20%, representing two of the ten settling entities.

The total award of attorneys' fees and expenses to Relator and against 1818 Como Park and EAS is therefore $318,055.20.

**I. This Court cannot award Relator attorneys' fees and expenses against the Elderwood entities that were not named as defendants.**

Relator first objected on the grounds that she should be permitted to recover attorneys' fees and expenses from the other Elderwood entities—those named in the

Settlement Agreement as "defendants" but never named in any of Relator's complaints.[2] According to Relator, those entities subjected themselves to this Court's jurisdiction through the language of the Settlement Agreement and because of the government's intervention, and, in any event, the Court can exercise ancillary jurisdiction over them. ECF No. 114 at 8–17. 1818 Como Park and EAS responded that the issue is one of personal jurisdiction rather than subject matter jurisdiction, and the entities who were never served with a summons or complaint cannot be subjected to this Court's personal jurisdiction through Court-ordered attorneys' fees. ECF No. 117 at 8–16.

Judge Roemer reasoned that the Court does not have jurisdiction over the remaining "Elderwood Entities" who were never parties to the lawsuit. ECF No. 113 at 11–13. The Court agrees.

"[A]dequate service of process is a prerequisite for a court's exercise of personal jurisdiction: 'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Ortiz v. Wagstaff*, 523 F. Supp. 3d 347, 355 (W.D.N.Y. 2021) (quoting *Davis v. Mara*, 587 F. Supp. 2d 422, 424–25 (D. Conn. 2008)); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

[2] These entities are 4459 Bailey Avenue Operating Co., LLC; 225 Bennett Road Operating Co., LLC; 2850 Grand Island Boulevard Operating Co., LLC; 5775 Maelou Drive Operating Co., LLC; 4800 Bear Road Operating Co., LLC; 37 North Chemung Street Operating Co., LLC; 2600 Niagara Falls Boulevard Operating Co., LLC; and 200 Bassett Road Operating Co., LLC. *See* ECF No. 59 at 6 (Settlement Agreement). These entities are "Facilities [that] do business under the Elderwood brand." ECF No. 59 at 7.

Relator did not name eight of the ten settling Elderwood entities in the complaint or in either amended complaint, and Relator never served process on them. Moreover, as they were not parties to the lawsuit, those entities did not have an opportunity to respond to Relator's motion for attorneys' fees (ECF No. 71).

Under the FCA, attorneys' fees are "awarded against the defendant." 31 U.S.C. § 3730(d)(1). The eight non-party Elderwood entities are not defendants to the lawsuit, and the Court cannot issue an award against them because they have not been served process. *See Murphy Bros.*, 526 U.S. at 350 ("In the absence of service of process . . . a court ordinarily may not exercise power over a party").

Relator argued that the government's intervention in the case turned the entities into parties. ECF No. 114 at 10–11. Yet the government intervened only in part, for purposes of settlement, and did not file its own complaint. *See* ECF No. 59 at 2 ("In light of the Settlement Agreement . . . the United States of America and/or the State of New York do not presently intend to file a Complaint in Intervention"). As such, the entities not named in any complaint did not become parties to the lawsuit and were not served process through the government's actions.

Relator further argued that the non-party entities subjected themselves to the Court's jurisdiction through the Settlement Agreement. ECF No. 114 at 9, citing ECF No. 62 at 2 ¶ 3. The Settlement Agreement itself does not mention the jurisdiction of the Court. *See* ECF No. 59 at 6–30. The Stipulation of Dismissal stated that the Court "shall retain jurisdiction over" Relator's retaliation claims and motion for attorneys' fees, but the non-party entities did not sign the Stipulation of Dismissal. ECF No. 62

at 2. Thus, the non-party entities did not agree to be subject to this Court's jurisdiction for purposes of attorneys' fees and expenses.

Relator additionally argued that the Court could exercise ancillary jurisdiction. ECF No. 114 at 13–14. Even were the Court to do so, it would still lack personal jurisdiction over the non-party entities, as ancillary jurisdiction confers subject matter jurisdiction and not personal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378–79 (1994).

Relator relied on *United States ex rel. Luchtman v Homestead Hospice,* No. 15-CV-00840, 2026 WL 445325 (N.D. Ga. Feb. 13, 2026). ECF No. 114 at 12. There, as here, the relator did not name all of the defendants who ultimately settled in the original qui tam action. *See Homestead*, 2026 WL 445325, at *2. The Court reasoned that the relator was entitled to receive attorneys' fees from those defendants because "[a]ll of the parties who signed the Settlement Agreement obtained a release of the claims against them and are jointly and severally liable for the Plaintiffs' attorney fees and expenses." *Id.* Unlike in the instant case, however, the relator in *Homestead* sought to serve and issue summonses to the non-parties, which the Court allowed, *see id.*, thereby conferring personal jurisdiction.

The non-party Elderwood entities have not been served or named in the instant lawsuit, so the Court agrees with the Report and Recommendation that it has no personal jurisdiction over them and cannot direct them to pay attorneys' fees and expenses to Relator.

## II. Relator is entitled to attorneys' fees and expenses from 1818 Como Park and EAS.

1818 Como Park and EAS contended that the Report and Recommendation improperly recommended that Relator is entitled to recover attorneys' fees and expenses from them because they were not originally named in Relator's qui tam action, and were only added as defendants in the second amended complaint, which was filed after the settlement and was limited to retaliation claims. ECF No. 115 at 2–4. The Court agrees with the Report and Recommendation that 1818 Como Park and EAS owe Relator attorneys' fees and expenses.

1818 Como Park and EAS owe Relator attorneys' fees and expenses because they were parties to the Settlement Agreement and the Court has personal jurisdiction over them. 1818 Como Park and EAS signed the Settlement Agreement, in which Relator released them from liability. ECF No. 59 at 13 ¶ 10. 1818 Como Park and EAS argued that Relator is not entitled to attorneys' fees and expenses because their settlement arose from the government's actions and not Relator's. ECF No. 115 at 3-4. Yet despite not naming any of the ten settling entities in her original or amended complaints (which alleged FCA violations), Relator was still granted a percentage (19%) of the settlement proceeds pursuant to 31 U.S.C. § 3730(d)(1) for her participation. ECF No. 59 at 11. The percentage share to Relator belies the contention that by not naming specific entities in the complaint and amended complaint, Relator did not contribute to the investigation into, and settlement with, those entities. *See United States ex rel. Poulton v. Anesthesia Assocs. of Burlington, Inc.*, 87 F. Supp. 2d 351, 355–56 (D. Vt. 2000) (finding government's offer of share of

settlement to support relator's significant role).

Because Relator received a percentage of the settlement proceeds, she "shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). As Judge Roemer discussed (*see* ECF No. 113 at 17–20), 1818 Como Park and EAS cite no authority that requires a relator to name an entity in a qui tam action before recovering attorneys' fees and costs from that entity. The cases they relied upon in their opposition to the motion for attorneys' fees (ECF No. 102 at 12) instead deal with whether a relator can recover after the government settles claims unrelated to those raised in the qui tam complaint. *See United States ex rel. Rille v. PricewaterhouseCoopers LLP*, 803 F.3d 368, 373–374 (8th Cir. 2015); *United States ex rel. Conyers*, 108 F.4th 351, 360 (5th Cir. 2024), *cert. denied sub nom. Conyers v. United States*, 145 S. Ct. 1179 (2025). That is not the situation here, as the claims originally raised in Relator's complaint mirror the "Covered Conduct" outlined in the Settlement Agreement. *Compare* ECF No. 1 *with* ECF No. 59 at 8.

Moreover, cases addressing who relators can recover from have found that relators can recover even when they do not name specific entities in their original qui tam actions. *See, e.g., United States ex rel. Birchall v. SpineFrontier, Inc.*, No. CV 15-12877-LTS, 2024 WL 4686985 at *1 (D. Mass. Nov. 4, 2024) (finding that the relator was entitled to a share of settlement proceeds with surgeons not sued in the qui tam action). In *Homestead*, for example, parties that were never named in the relator's qui tam complaint still owed the relator attorneys' fees and expenses after settlement

(presuming personal jurisdiction through the ordered summonses) because they obtained the benefit of the release of liability. 2026 WL 445325, at *2. The same is true here. 1818 Como Park and EAS are responsible for attorneys' fees and expenses through their participation in the Settlement Agreement, which granted Relator a share of the settlement proceeds and granted 1818 Como Park and EAS a release of liability. ECF No. 59 at 11, 13; *see Homestead*, 2026 WL 445325, at *2.

Further, the Court has the authority to award attorneys' fees and expenses "against defendants" 1818 Como Park and EAS, 31 U.S.C. § 3730(d)(1), because it has personal jurisdiction over them. Relator named them as parties to the lawsuit in the second amended complaint and served them with process. *See* ECF Nos. 66, 75, 80–81 (affidavits of service); *see also* ECF No. 110 (stipulation dismissing 1818 Como Park and EAS as defendants, but keeping the action "open solely for the purpose of deciding the pending Motion for Attorneys' Fees"). Notably, as parties, 1818 Como Park and EAS also had the opportunity to file an opposition to Relator's motion for attorneys' fees. ECF No. 102.

For these reasons, the Court agrees with and adopts the recommendation that 1818 Como Park and EAS owe attorneys' fees and expenses to Relator.

**III. The award of attorneys' fees and expenses should not be apportioned.**

Relator objected to the portion of the Report and Recommendation apportioning the award of attorneys' fees and expenses by reducing it to 20% rather than holding 1818 Como Park and EAS jointly and severally liable for the whole award. ECF No. 114 at 14–16. 1818 Como Park and EAS responded that the

apportioned award was a reasonable exercise of discretion given the relative culpability of the parties, and noted that Relator did not establish which portion of counsel's efforts were devoted to each settling entity. ECF No. 117 at 16–19.

Judge Roemer recommended that the award be reduced to 20% as the most fair and sensible apportionment. ECF No. 113 at 28–29. This Court disagrees regarding the proper apportionment and finds that 1818 Como Park and EAS are jointly and severally liable for the award. *See, e.g.*, *Homestead*, 2026 WL 445325, at *2; *United States ex rel. Nichols v Computer Scis. Corp.*, 499 F. Supp. 3d 32, 48 (S.D.N.Y. 2020); *United States ex rel. Miller v Bill Harbert Int'l Constr., Inc.*, 786 F. Supp. 2d 110, 117 (D.D.C. 2011) ("The normal practice in assessing liability for attorneys' fees is that all defendants are jointly and severally liable.").

A district court has discretion to allocate fee liability, and "may 'hold the responsible parties jointly and severally liable for the fee award,' so long as the court 'make[s] every effort to achieve the most fair and sensible solution that is possible.'" *Sinkov v. Americor, Inc.*, 419 F. App'x 86, 93 (2d Cir. 2011) (quoting *Koster v. Perales,* 903 F.2d 131, 139 (2d Cir. 1990), *abrogated on other grounds by New York State Fed'n of Taxi Drivers, Inc. v Westchester Cnty. Taxi and Limousine Comm'n*, 272 F.3d 154 (2d Cir. 2001)); *see also Nichols,* 499 F. Supp. 3d at 48. In determining the proper allocation of fee liability, Courts have considered factors including "the relative culpability of the parties" and "the proportion of time spent litigating against each defendant." *Koster*, 903 F.2d at 139.

Here, the ten settling entities entered into the Settlement Agreement

collectively as the "Elderwood Entities," and the amounts they owed to the United States and New York governments were collective rather than apportioned. *See* ECF No. 59 at 8–9. The entities are interrelated, and they all obtained a release of liability from Relator. ECF No. 59 at 7, 13. Further, a single individual executed the Confession of Judgment required by the Settlement Agreement. ECF No. 62 at 31–32.

1818 Como Park and EAS argue that the injury is divisible, and therefore the award was properly apportioned, because "the Government alleged that separate nursing facilities individually overbilled Medicare and Medicaid." ECF No. 117 at 19. Those separate nursing facilities represent nine of the ten settling defendants. *See* ECF No. 62 at 6. EAS, however, "provides services to each of the Facilities, including services supporting the provision and reimbursement of rehabilitation services." ECF No. 62 at 6. Because EAS was involved with each of the facilities, the award owed by EAS cannot be easily divided. EAS's actions "produce[d] a single indivisible injury," *Sinkov*, 419 F. App'x at 93, so EAS is properly held jointly and severally liable for fees and expenses.

The same cannot be said for 1818 Como Park, which is one of the nine Elderwood facilities. Nevertheless, the Court cannot fairly apportion all of the attorneys' fees and expenses to EAS. The most fair and sensible outcome, particularly given the relationship between EAS and 1818 Como Park discussed above, is that 1818 Como Park and EAS are jointly and severally liable for the award of fees and expenses.

As such, the Court concludes that fairness requires that 1818 Como Park and EAS be jointly and severally liable to Relator for the full amount of claimed attorneys' fees and expenses, less the 30% lodestar reduction, for a total of $318,055.20 ($295,320.20 in attorneys' fees and $22,735 in expenses).

## CONCLUSION

Upon careful consideration of the record and the objections, the Court adopts the Report and Recommendation in all respects save for the apportionment of the award of attorneys' fees and expenses.

The Court finds that it lacks personal jurisdiction over the eight Elderwood entities who signed the Settlement Agreement but were not named in the lawsuit or served process. Accordingly, the Court does not award Relator attorneys' fees and expenses against those entities. The Court does have personal jurisdiction over 1818 Como Park and EAS however, and Relator is awarded attorneys' fees and expenses against them.

Neither side objected to Judge Roemer's reduction of the claimed amount of attorneys' fees by 30%. Regarding the apportionment of expenses and the remaining 70% of attorneys' fees, this Court declines to adopt Judge Roemer's recommendation and instead finds that 1818 Como Park and EAS are jointly and severally liable for the full amount of attorneys' fees and expenses.

Therefore, it is hereby

ORDERED, that Relator's objections are sustained in part and the partial objection by 1818 Como Park and EAS is overruled. The Court adopts Judge Roemer's

Report and Recommendation, except for the recommendation that the award of attorneys' fees and expenses be reduced to 20%. The Court finds 1818 Como Park and EAS jointly and severally liable to Relator for attorneys' fees and expenses in the amount of $318,055.20.

SO ORDERED.

Dated: September 11, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge